[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : March 8, 1996 Date of Application : March 8, 1996 Date Application Filed : March 8, 1996 Date of Decision : January 28, 1997
 Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR6-403358;
 Thomas Conroy. Esq., Defense Counsel, for Petitioner
Robert O'Brien. Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
CT Page 1816
The petitioner, was convicted, following a jury trial of robbery 1st degree in violation of Connecticut General Statutes § 53a-134 (a)(2), and larceny, 2nd degree, in violation of Connecticut General Statutes § 52a-123 (a)(3).
He was sentenced to a term of 10 years execution suspended after 7 years, with a 5 year probationary term on the robbery charge, and to a concurrent 5 year term on the larceny charge. The total effective sentence being 10 years, execution suspended after 7 years with probation for 5 years.
The petitioner, who was 23 years of age at the time of the offense went to the victims apartment for the ostensible purpose of collecting money owed him by the victim. He was accompanied by three or four other males, one of whom was armed with a handgun. The petitioner demanded money from the victim and when he failed to comply the armed participant shot the victim in the hip, thereafter taking money from the victim's pocket.
The victim did not know the men accompanying the petitioner and none of them was arrested. The petitioner has no prior record.
Counsel for the petitioner asks that the Division reduce the sentence to the mandatory 5 year minimum in view of the fact that the petitioner was not the shooter and has no prior record.
The petitioner was facing a maximum sentence of 30 years. The sentencing court was well aware of the petitioner's good work record and lack of prior convictions and, indeed, commented that he should get some credit for that.
On the other hand, he was convicted of serious felonies, and appears to believe that, since he did not actually shoot the victim, or directly take his money, that he has no blame in the incident.
The fact is he led the group into the apartment and has culpability for his participation in this crime including CT Page 1817 culpability for the circumstances which resulted in his companion shooting the victim. There was no indication of cooperation in identifying the other people involved.
Here the petitioner was facing a mandatory 5 year minimum sentence. There were sufficient egregious factors for imposing a sentence beyond the minimum.
The sentencing court properly weighed the circumstances together with the petitioner's positive background. The sentence imposed was thoughtful, reasoned and well within the parameters of the court's discretion.
Reviewing this sentence pursuant to § 942 of the Practice Book, we find it entirely appropriate. It is affirmed.
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.